UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE DOUGLAS CAROLINA,        : | |
|     Plaintiff,                                    : | |
|                                                           : | PRISONER |
| v.                                                        : | Case No. 3:12-cv-1413 (VLB) |
|                                                           : | |
| FRECHETTE, et al.,                           : | |
|     Defendants.                               : | |

## INITIAL REVIEW ORDER

Plaintiff Tyrone Douglas Carolina, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000), against defendants Frechette, Fitzner, Mirna Hernadez, Perez, Perez, Cross, Allen, Gillette, Cote, Name Unknown, Michael P. Lojoi and Chappel Nathen in their individual and official capacities. The plaintiff alleges that these defendants issued false disciplinary reports against him and failed to afford him due process at the disciplinary hearings.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. <u>Id.</u>

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." <u>Phillips v. Girdich</u>, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." <u>Abbas v. Dixon</u>, 480

1

F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

   The plaintiff alleges that he received false disciplinary reports and that he was convicted of each charge based primarily on hearsay testimony of the accusing officers. On each charge, the plaintiff states that he was sanctioned with segregation, loss of good time and inability to attend religious services.

   An inmate does not have a constitutionally protected right to be free from false accusations. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997); see also Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). He does have a right to rebut those accusations at a disciplinary hearing. The court construes the complaint as asserting that the plaintiff was denied due process at the disciplinary hearings on the various charges.

   The Supreme Court has held that, if a determination favorable to the plaintiff in a section 1983 action "would necessarily imply the invalidity of his

2

conviction or sentence," the plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  This same rule applies to challenges to procedures used in prison disciplinary hearings where the inmate has forfeited good time credit as a disciplinary sanction.  Edwards v. Balisok, 520 U.S. 641, 644 (1997).  Thus, before the plaintiff can seek damages in federal court on these claims he must first invalidate the disciplinary findings.  Because any invalidation of the disciplinary findings would necessarily restore forfeited good time credits, the plaintiff must do so by writ of habeas corpus.  Id. at 643-44.  Accordingly, the complaint is dismissed without prejudice as premature.

## ORDERS

The Court enters the following orders:

(1)     The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A.

(2)     The Clerk is directed to enter judgment in favor of the defendants and close this case.

So ordered this 9th day of October 2012, at Hartford, Connecticut.


                                        _____/s/_____
                                        Vanessa L. Bryant
                                        United States District Judge